UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

DIRAN SANUSI,                                    Case No. 13 CV 4940
                        Plaintiff,               (NG)   (VVP)

        -against-                                **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. ROBERT                JURY DEMAND
CASCALENDA [SHIELD # 21302], P.O.
SERGEI KONOIKO, C & C WRECKERS INC.
and LUIS R. VELEZ,
                        Defendants.
--------------------------------------------------------------X

Plaintiff, DIRAN SANUSI, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Robert Cascalenda [Shield # 21302], P.O. Sergei Konoiko, C & C Wreckers Inc. and Luis R. Velez (collectively, "defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.        Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.        At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.        This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.        Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.        At all relevant times, defendants P.O. Robert Cascalenda [Shield # 21302] and P.O. Sergei Konoiko (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

9.        At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

10.       At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

11.       Plaintiff is suing the defendant officers in their individual and official capacities.

12.       At all relevant times, defendant C & C Wreckers Inc. (hereinafter "C & C Wreckers"), was, upon information and belief, and still is a domestic

2

company licensed, authorized and existing under and by virtue of the laws, statutes and charters of the State of New York.

13.        At all relevant times, defendant Luis R. Velez was, upon information and belief, and still is, a driver, agent and/or officer employed by defendant C & C Wreckers, and was the driver (hereinafter "driver") of a certain motor vehicle or tow truck owned by defendant C & C Wreckers with New York State Registration and License Plate Number TT10121 (hereinafter "vehicle").

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.        On or about June 15, 2012, at approximately 1:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 3405 Neptune Avenue, Brooklyn, New York, and charged plaintiff with PL 240.20(6) 'Disorderly Conduct'.

15.        Plaintiff, however, did not refuse to comply with any lawful order, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16.        Prior to the plaintiff's arrest, plaintiff and his friends were engaged in a conversation at the aforementioned location when the vehicle's anchor struck the plaintiff on his foot as the driver was operating the vehicle.

17.        Plaintiff was caused to fall down to the ground because of the impact.

18.        As plaintiff laid down on the ground in pain, he promptly requested for emergency medical care and treatment.

19.        After a period of time, defendant officers appeared at the scene.

20.        Immediately upon their arrival, defendant officers met and conferred with the driver.

21.        Following their meeting with the driver, defendant officers approached the plaintiff.

22.        Upon approaching the plaintiff, defendant officers directed the plaintiff to get up from the ground.

23.        Defendant officers threatened to mace or use chemical agents against the plaintiff if he failed to get up from the ground.

24.     Because the plaintiff sustained serious injuries and was experiencing serious pain, plaintiff continued to request for emergency medical care and treatment.

25.     However, defendant officers indicated that they had resolved from their meeting with the driver that the plaintiff did not sustain any injuries and did not require any medical care or treatment.

26.     Defendant officers further indicated that they were in agreement with the driver that the plaintiff was merely blocking the driver from driving away, and that the plaintiff would be placed under arrest.

27.     Defendant officers then forcibly grabbed the injured plaintiff, twisted his hands behind his back and tightly handcuffed the plaintiff with his hands placed behind his back.

28.     After handcuffing the plaintiff, defendant officers squeezed the handcuffs tight causing the plaintiff's left arm to become, and remained, numb for several months thereafter.

29.     Additionally, plaintiff was caused to sustain bruises on his left wrist.

30.     Eventually, defendant officers forcibly dragged the plaintiff to their police vehicle.

31.     Plaintiff was further subjected to an illegal search by defendant officers, with defendant officers digging their hands into plaintiff's pockets and all over the plaintiff's body.

32.     After a period of time, the FDNY appeared at the scene, followed shortly by an ambulance or Emergency Medical Services.

33.     Eventually, plaintiff was transported to the Coney Island Hospital by EMS where he was seen and/or treated for his injuries.

34.     During the trip to the hospital, defendant officers rode in the ambulance with the plaintiff.

35.     Plaintiff remained in handcuffs during the trip and while at the hospital.

36.     After a lengthy period of time, defendant officers removed the handcuffs and caused legal process to be issued against the plaintiff requiring the plaintiff

to appear in court to defend the false charge(s) levied against him by defendants.

37. Eventually, the false charge(s) levied against the plaintiff was summarily dismissed.

38. Following his release from the hospital, plaintiff followed up treatment with his personal physician and was placed on an extended bed rest by his personal physician.

39. That each and every officer and/or individual who responded to and/or was present at the location of the arrest and assault described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

40. Nonetheless, the officers and/or individuals did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

41. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, wages and financial losses, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

42. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. The conduct of defendants, as described herein, amounted to false arrest, excessive use of force, malicious abuse of process, racial profiling, first amendment retaliation, failure to intervene, deliberate indifference, illegal and unreasonable stop, frisk, search and seizure, pattern of harassment, abuse of authority, conspiracy, denial of equal protection, discrimination, denial of reasonable accommodation, cruel & unusual punishment, fabrication of evidence, denial of right to a fair trial, denial of due process rights and malicious prosecution.

5

44.          Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

45.          Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

46.          By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47.          Defendant City of New York, acting through the New York City Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

48.          Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

49.     Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some crime or offense.

50.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

51.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

52.     In *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure. *See also Floyd v. City of New York*, 08 Civ. 1034, 2013 U.S. Dist. LEXIS 113271 (S.D.N.Y. Aug. 12, 2013) (same); *Davis v. City of New York*, 10 Civ. 0699, 2013 U.S. Dist. LEXIS 45601 (S.D.N.Y. March 28, 2013) (same).

53.     It is noteworthy that several officers of the NYPD assigned to the NYPD-60th Precinct -- as the named police officers -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

54.     Further, most of the arrests and charges made by officers assigned to the NYPD-60th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

55.     Notably, defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-60th Precinct in connection with the unlawful arrests and charges described herein. *See*, *e.g.*,

*Robert Rogers v. City of New York* (12 CV 1121); *Jeff Ores v. City of New York* (12 CV 535); *Katie Dawson v. City of New York* (12 CV 533); *Robert Cooper v. City of New York* (11 CV 4873); *Diane Dawson v. City of New York* (11 CV 4872); *Robert Rogers v. City of New York* (11 CV 4870); *Robert Cooper v. City of New York* (11 CV 452).

56.     That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

57.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

58.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

59.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.     In an effort to find fault against the plaintiff, defendant officers who are white conspired among themselves and conspired with the driver who is also white to deprive plaintiff who is black of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to United States Constitution, because of his race,

ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

61.     In light of the foregoing therefore, defendants engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

62.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

63.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

65.     In addition, defendants conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

66.     Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendants' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendants acted willfully, knowingly, and with the specific intent to deprive

plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

67.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## FIFTH CAUSE OF ACTION: OTHER NEW YORK TORTS

68.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, illegal and unreasonable stop, frisk, search and seizure, negligence, conspiracy, special injury, abuse of process, harassment, abuse of power, trespass, and malicious prosecution.

70.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SIXTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

73.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, strip search, detention and imprisonment by defendants.

74.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF
EMPLOYMENT SERVICES - against defendant City of New York

75.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76.     Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

77.     Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

78.     Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

79.     Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

80.     Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

EIGHTH CAUSE OF ACTION: NEGLIGENCE - against defendants C & C Wreckers
& Velez

81.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

82.     That on or about June 15, 2012, the vehicle was operated and/or controlled by the driver.

83.     That at all times hereinafter mentioned, and upon information and belief, the driver operated the vehicle on or about June 15, 2012 with the knowledge,

permission and/or consent - expressed, implied, and/or apparent - of defendant C & C Wreckers.

84.     That at all times hereinafter mentioned, and upon information and belief, 3405 Neptune Avenue in Brooklyn, County of Kings, City and State of New York, was and is open to the public.

85.     That at all times hereinafter mentioned, and upon information and belief, on the 15th day of June, 2012, at approximately 1:00 p.m., the driver was operating the vehicle at or within the vicinity of 3405 Neptune Avenue, in Brooklyn, County of Kings, City and State of New York.

86.     That at all times hereinafter mentioned, and upon information and belief, on the 15th day of June, 2012, at approximately 1:00 p.m., plaintiff was a pedestrian at or within the vicinity of 3405 Neptune Avenue, in Brooklyn, County of Kings, City and State of New York.

87.     That on the 15th day of June, 2012, at approximately 1:00 p.m., as plaintiff was at or within the vicinity of 3405 Neptune Avenue, in Brooklyn, County of Kings, City and State of New York, the vehicle's anchor, while the vehicle was operated by the driver, struck plaintiff at or within the vicinity of 3405 Neptune Avenue, in Brooklyn, County of Kings, City and State of New York.

88.     That by reason of the aforesaid accident, plaintiff was caused to sustain severe and serious personal injuries as well as shock to his nervous system.

89.     That the aforesaid accident or collision was caused solely and wholly by reason of the carelessness, recklessness and negligence of the driver, and without any negligence on the part of the plaintiff contributing thereto.

90.     That the aforesaid accident or collision was caused solely and wholly by reason of the carelessness, recklessness and negligence of the driver, in that said defendant was traveling at an excessive rate of speed, failed to look; failed to see; failed to maintain proper control of the steering mechanism of the vehicle; failed to maintain proper control over the braking mechanism of the vehicle; failed to recognize the conduct and movement of pedestrians along said location; failed to bring the vehicle to a stop in time to avoid said

accident; failed to yield right of way; failed to give warning by horn or otherwise of the impending accident; failed to provide for the safety and well-being of the plaintiff; disobeyed a traffic control device; failed to adhere to the rules of the road; failed to take steps to avoid the accident; permitted and allowed  the vehicle to be operated in an unsafe and negligent manner; failed to timely observe the plaintiff so as to avoid the accident; in failing to take reasonable and necessary evasive actions so as to avoid the accident; and that the driver was otherwise careless, reckless and negligent and caused said accident.

91.     That defendant C & C Wreckers was reckless, careless and otherwise negligent in the ownership, operation, management, maintenance, supervision and control of the vehicle; by failing to make necessary repairs to the vehicle; by neglecting its non-delegable duty to maintain the vehicle in a safe manner, including but not limited to timely inspection of the vehicle's brakes, tires, wheels, and other safety mechanisms; by negligently hiring the driver; by failing to adequately or properly train he driver; by permitting the driver to operate, control, or otherwise be entrusted with the vehicle knowing, or having reason to know that the driver was unfit to operate, control, or otherwise be entrusted with the vehicle; by failing to conduct a proper investigation as to the fitness or capability of the driver to operate, control or otherwise be entrusted with the vehicle; in failing to adhere to any and all relevant local, city, state and federal rules, regulations, codes and ordnances.

92.     That by reason of the aforesaid accident, plaintiff was caused to sustain serious, severe, permanent and protracted injuries, such that plaintiff became sick, sore, lame and disabled, and has remained sick, sore, lame and disabled since the aforesaid accident; and has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and

verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

93. That as a result of said accident, plaintiff has sustained serious injuries as defined in Section 5102 of the Insurance Law of the State of New York and has sustained "economic loss" greater than "basic economic loss" as well as "non economic loss" and has a right of recovery for said injury for "economic loss" and "non economic loss" pursuant to Section 5102 of the Insurance Law of the State of New York.

94. Upon information and belief, this action falls within one or more of the exceptions of CPLR 1602.

RESPONDEAT SUPERIOR

95. Defendants, their officers, agents, servants, and employees are responsible for the damages suffered by plaintiff; City of New York, as employer of the defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior. Defendant C & C Wreckers, as employer of the driver, is responsible for his wrongdoing under the doctrine of respondeat superior.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
   April 14, 2014

UGO UZOH, P.C.

/s/

By:     Ugochukwu Uzoh (UU-9076)
      Attorney for the Plaintiff
      304 Livingston Street, Suite 2R
      Brooklyn, NY 11217
      Tel. No: (718) 874-6045
      Fax No: (718) 576-2685
      Email: u.ugochukwu@yahoo.com